FREDERICK DEPEYSTER, jun. and THOMAS L. OGDEN v.
SARAH C. GOULD and others.

If a purchaser at a sheriff's sale of mortgaged premises, sold by virtue of a decree for the satisfaction of the mortgage debt, purchase as agent for and at the request of the complainant, and take a deed in his own name, without paying any part of the purchase money, a resulting trust is raised in favor of the complainant.

The receipt in a deed is not conclusive, and where an actual question is raised as to the payment of the consideration, parol evidence may be resorted to, to show by whom it was advanced.

Attaching creditors do not stand on the same footing as *bona fide* purchasers. The latter are entitled to protection on account of the payment of a present consideration without notice; but the rights of third persons are not affected by an attachment or a judgment, though the attaching or judgment creditor may not be affected with notice.

*E. Wood* and *G. Wood*, for complainants.

*Gifford* and *W. A. Van Hook*, for defendants.

THE CHANCELLOR. Lewis Compton and wife, on the fifteenth of April, eighteen hundred and twenty-three, gave to Frederick Depeyster a mortgage on several lots in Perth Amboy, to secure the payment of fifteen hundred and fifty dollars, due from Compton to Depeyster. The mortgage having been duly recorded, was afterwards placed in the hands of one of the solicitors of this court for collection. While there, Depeyster, being indebted in the sum of three thousand dollars to the Protestant Episcopal Society for promoting Religion and Learning in the State of New-York, of which, he had been many years treasurer, gave his note for that amount to John Onderdonk, Martin Hoffman, (both since deceased,) and Thomas L. Ogden, acting as trustees on behalf of said society, and assigned over to Frederick Depeyster, junior, by way of collateral security for the payment of the said debt, certain securities, among which was the mortgage aforesaid with the accompanying bond. The as-

signment was in trust, to collect the principal sums and the interest thereon, and therewith to pay off and discharge the said debt ; and to pay over the balance, if any, to the said Depeyster, the assignor. A bill was filed, to foreclose the mortgage, in this court, and a decree had ; and the property was sold by the sheriff of the county of Middlesex, and purchased by Frederick Depeyster, as agent and in behalf and at the request of Frederick Depeyster, junior, who was then absent in Florida, for the sum of thirteen hundred dollars. The deed was made to Frederick Depeyster, senior, and recorded.

The purchase was made by Frederick Depeyster, senior, not on his own account or benefit, but on behalf of Frederick Depeyster, junior, the assignee, in trust, and of the society aforesaid. The purchaser did not pay the sheriff the amount of the bid or any part of it, nor was it intended to be a charge against him, but was a credit to the mortgagor, and the purchase was really and in fact for the benefit of the assignee of the said mortgage, and those beneficially interested therein. Frederick Depeyster, junior, took possession of the premises, and leased them for eighty dollars per annum, in the name of Frederick Depeyster, senior, he being the formal owner of the legal estate, and has received the rents and profits, and accounted for them to the treasurer of the society aforesaid. After collecting all the monies that can be recovered on the other securities assigned, (except thirty or forty dollars,) there is a balance still due on the note given to the trustees of the said society, of two thousand and seventy-four dollars and seventy cents, or thereabouts.

In eighteen hundred and thirty-one, Sarah C. Gould, of the island of St. Croix, attached the premises as the property of Frederick Depeyster, senior, and such proceedings were thereupon had under the attachment, that in February, eighteen hundred and thirty-two, judgment was entered in favor of said Sarah C. Gould for four thousand five hundred and forty dollars and seventy-five cents; in favor of Matthew Clarkson and Catharine E. his wife, David F. Clarkson and John Clarkson, for fifteen hundred and fifty-eight dollars and sixty-five cents; and in favor

[Depeyster et al. v. Gould et al.]

of William D. Green, administrator, &c. of Ann E. his wife, Frederick Depeyster Crommelin, Harriet Depeyster Crommelin, Mary A. Crommelin, Julia R. Crommelin, and Sarah M. Crommelin, administrator of Charles I. Crommelin, deceased, for two thousand four hundred and thirty dollars and twenty-eight cents.

The bill then charges, that the said attaching creditors, notwithstanding they have been made acquainted with all the facts above set forth, intend to proceed in their attachment and sell the mortgaged premises, and thereby annoy and attempt to defeat the equitable rights and interests of the said society, and throw a cloud over the title of the complainants.

The complainants pray an injunction, to prevent any sale under the attachment; and a decree that Frederick Depeyster convey the said premises to the complainant, Frederick Depeyster, junior, in trust for the said society; or that the society may be decreed to have a lien on the premises for the amount of the purchase money, in preference to any lien of the attaching creditors, and that the premises be sold, and the proceeds applied to the payment of the said lien, &c.

On filing this bill an injunction issued.

The answer of Sarah C. Gould is merely formal, neither admitting nor denying the principal facts set forth in the bill.

The Clarksons have filed no answer, their claims having been purchased in by one of the complainants.

The other defendants insist, that Frederick Depeyster, senior, purchased the property on his own account; and in support of the insistment, they place themselves upon the fact that Frederick Depeyster, junior, leased the property to a tenant in the name of Frederick Depeyster, senior, for eighty dollars per annum, and expressly on his behalf as the owner. They claim to stand in the situation of bona fide purchasers without notice of the alleged trust, or of the alleged non-payment of the purchase money for the premises; and insist that the purchase money is not a valid or subsisting lien upon the said premises as against the attaching creditors; and that, if the said trustees had any available interest in the premises, it can only constitute a charge against the said

Frederick Depeyster. They charge, that Frederick Depeyster, junior, paid over no rent till March, eighteen hundred and thirty-two, which was long after the issuing of the attachment; and that Frederick Depeyster, senior, has repeatedly endeavored to sell the property by private contract, and assumed and exercised the ownership of it absolutely and for his own benefit, and that he did not hold it in trust. They further insist, that they are lawfully and equitably entitled to have the property sold to satisfy their debt, &c.

No replications are found among the papers, but the parties have proceeded to take testimony and produce exhibits; and the cause has been submitted in briefs.

It is proved, that Depeyster the elder, purchased the property at sheriff's sale for thirteen hundred dollars. It is also proved, that he attended the sale with the intention, previously expressed, of taking care of the interests of his son, the trustee, who was then absent, and of preventing a sacrifice of the property. On the day before the sale he came to the office of William Johnson, the treasurer of the society for whose benefit the sale was to be made, and mentioned the absence of his son, and that some person ought to attend on his behalf. Depeyster was interested in the sale, and it was natural that he should feel solicitous that the property should not be sold for a nominal consideration.

It is proved that no part of the rents and profits of this property ever came to the hands of Frederick Depeyster, senior : they were received by the trustee, and, after paying costs and repairs, were paid over to the treasurer of the corporation, according to the trust.

I think it also appears satisfactorily, that Frederick Depeyster, senior, paid no part of the consideration or purchase money. His pecuniary situation at the time, is strongly against the supposition. He was embarrassed and insolvent, and there is nothing to lead to the belief that he advanced any part of it. The relative position of the parties was such as to preclude the idea. He would not pay the purchase money without buying in his own right. He could not buy in his own right without being guilty

[Depeyster et al. v. Gould et al.]

of fraud. He gave out his intention to attend on the part of his son, and buy the property in, if necessary to prevent a sacrifice; and if he had purchased the property for himself and paid for it, it would have been in violation of duty, and in bad faith. The docket of sheriff Edgar is proof that no purchase money was paid by Frederick Depeyster, senior. The suit stood in the docket in his name as complainant. In May, eighteen hundred and twenty-nine, he purchased for thirteen hundred dollars, and it is so entered. In April, eighteen hundred and thirty, he acknowledges to have received his deed as purchaser, and discharges the sheriff from any further liability. It is evident from this that no money passed. Depeyster being plaintiff and purchaser, the amount of the purchase money was so much raised on the mortgage. There was no need of payment. The sheriff considered him as the owner of the mortgage, and he being entitled to the proceeds of the sale, it was only necessary that he should acknowledge himself the purchaser, and discharge the sheriff.

The defendants insist on a variety of circumstances to show that the purchase was made by Depeyster for his own benefit, and that it was assented to by the son. They say, that, although the property was sold to Frederick Depeyster in the absence of the trustee, his son, yet he permitted the father to take the deed after he returned home, and to have it recorded. It would have been much better to have corrected the inadvertence or mistake at an early stage of the proceedings. The deed should have been taken in the name of the trustee; and I do not see that any very satisfactory reason is assigned why it was not so done. Still the omission to do it does not warrant the conclusion that Frederick Depeyster, junior, thereby admitted that the beneficial title was in his father. He had given in his own name to the sheriff as purchaser, and it was right that the deed should be made out to him accordingly. His son had expressed his surprize that this should have been done. It was alleged to have been an inadvertence, and the trustee appears to have been satisfied, not anticipating any difficulty. It is a matter of surprize, however, that such an omission should have occurred, and it casts a shade

over this part of the complainant's case. It may be that Mr. Depeyster, junior, thought the sheriff might have some difficulty in making out a deed to a third person, when the fact of the agency was not communicated to him at the time of sale, and when the purchase money was not to be paid by such third person on receiving the deed. The sheriff certainly would not have done it, unless he could have been perfectly satisfied as to the assignment, the trustee, and the nature of the trust; all of which were matters he was under no necessity of inquiring into. It was his business to make the deed to the purchaser, on receiving the money or a discharge from the plaintiff. If such was the reason why the trustee interposed no objection to the deed being made to his father, it was a very natural one, and it would have been easy to have said so. No such reason is assigned.

The fact that in eighteen hundred and twenty-nine, Frederick Depeyster, junior, leased the property as agent for his father, is brought forward to show the understanding of all parties that the purchase was not made by F. Depeyster, senior, as agent; and it is a circumstance entitled to some consideration. It was before the deed was made by the sheriff, and the legal title had not passed. This is susceptible of the same explanation as the one last adverted to. And in addition to that, it is proved that F. Depeyster, junior, the trustee, accounted for the use of the property to the treasurer of the society before mentioned. The first accounting was in November, eighteen hundred and thirty, which was before the attachment was sued out; and it is a satisfactory answer to the allegation, that the rents and profits were not accounted for by F. Depeyster, junior, until after the attachment, and was then resorted to as an expedient to cover over the truth of the case.

There are some other matters of minor importance which might be noticed, such as the receipt of the money in the sheriff's deed, and the offers to sell the property made by F. Depeyster, senior, but they are all susceptible of explanation. The receipt in the deed is not conclusive; and where an actual question is raised as to the payment, parol evidence may be resorted to to

show by whom it was advanced : *Sugd.* 598, 6th edition ; *Jeremy's Eq.* 87. The whole of them taken together, do not compare with the evidence adduced to prove, that the property was bought by F. Depeyster for the use of the trustee and the society, and was so held. Nor do they at all affect the proof that no consideration was paid for the property by the purchaser.

The fact that the consideration was paid by the trustee, or that it came out of his mortgage, is satisfactory ; and it raises a trust by implication of law—a resulting trust—in favor of the complainants. Trusts of this nature, says lord Hardwicke, are, where the legal interest is in another, but the purchase money has been paid by a third person. This is a resulting trust for him who paid the money : *Willis* v. *Willis,* 2 *Atk.* 71 ; *Lloyd* v. *Spillet and al.,* 2 *Atk.* 150. The ground of this doctrine is, that he who paid the consideration is to be deemed the owner of the land, unless other presumptions arise to repel the conclusion : *Powel and ux.* v. *Monson and Brimfield Manufacturing Co.,* 3 *Mason,* 347. And the fact and manner of paying the purchase money may be proved by parol, as well when the consideration is stated in the deed to have been paid by the nominal purchaser, as when it is not ; and it may be done either before or after his death : *Boyd* v. *M'Lean,* 1 *John. Chan. R.* 582 ; *Botsford* v. *Burr,* 2 *John. Chan. R.* 405 ; *Lench* v. *Lench,* 10 *Vesey,* 511 ; *Jeremy's Eq.* 87 ; 3 *Mason,* 347, and the cases there cited.

This, then, is a resulting trust. The consideration was paid at the time by the credit on the mortgage ; which credit, whether actually made or not, the mortgagor was entitled to receive upon the plainest principles of equity, and the mortgagee was, on the same principles, bound to allow. And therefore the objection, that there was no money actually paid at the time, can have no force.

The complainants are entitled to the benefit of this trust, unless it be true, as insisted on by the defendants, that thay had no knowledge of it, and therefore stand, under their attachment, in the situation of bona fide purchasers for a valuable consideration,

[Depeyster et al. v. Gould et al.]

without notice. If this be so, their equity is superior to that of the complainants, and must prevail. But on this subject the defendants have misapprehended the law. Attaching creditors do not stand on the same footing as bona fide purchasers. These last are entitled to protection on account of the payment of a present consideration without notice. But attaching creditors are seeking to recover an old debt, and the rights of third persons are not affected by the attachment, (or by a judgment for the same reason,) though the attaching or judgment creditor may not be affected with notice: *Finch* v. *Earl of Winchelsea,* 1 *P. Wms.* 277; *Stevenson* v. *Pemberton,* 1 *Dal.* 3.

Upon the whole, I am satisfied that the equity of the case is with the complainants, and that the injunction heretofore granted should be made perpetual. As there is no evidence before me of the value of the property, and it may be worth much more than the thirteen hundred dollars, or even the whole amount due the Society, I shall decree that the property be sold under the direction of one of the masters of the court, and the proceeds be appropriated to satisfy, in the first place, the costs of this suit on the part of the complainants, and then to satisfy the balance of the Society's claim against Frederick Depeyster; and that the residue, if any, be brought into court for the use of the attaching creditors. The defendants are to pay their own costs; and they are exempted from the payment of costs to the complainants, on the principle that they had good ground for the attachment, there being no notice of the trust; and that being called into this court, there was reasonable ground for contesting the matter here, even after notice of the trust, growing out of some omissions of the complainants which are not well explained.

Decree accordingly.